**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| WALKER DIGITAL, LLC,<br><br>               Plaintiff,<br><br>       v.<br><br>ARROW SECURITY, INC., COMMERCIAL PROTECTIVE SERVICES, INC.,  TESSCO TECHNOLOGIES, INC., ADT SECURITY SERVICES, INC., IVEDA SOLUTIONS, AND WESTEC INTELLIGENT SURVEILLANCE, INC.,<br><br>               Defendants. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Walker Digital, LLC, files this complaint for patent infringement against Defendants Arrow Security, Inc., Commercial Protective Services, Inc.,  Tessco Technologies, Inc., ADT Security Services, Inc., Iveda Solutions, and Westec Intelligent Surveillance, Inc. (collectively the "Defendants"):

## THE PARTIES AND PATENTS-IN-SUIT

1.     Plaintiff Walker Digital, LLC ("Walker Digital") is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, CT 06905. Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including priceline.com, Inc. and Synapse, Inc.

2.     On information and belief, Defendant Arrow Security, Inc. ("Arrow Security") is a New York Corporation with its principal place of business located at 60 Knickerbocker

Avenue, Bohemia, NY 11716.  Arrow Security may be served via its registered agent, the New York Department of State.

3.     On information and belief, Defendant Commercial Protective Services, Inc. ("CPS") is a California Corporation with its principal place of business located at 436 W. Walnut Street, Gardena, CA 90248.  CPS may be served via its registered agent, Christopher Coffey, 436 W. Walnut Street, Gardena, CA 90248.

4.     On information and belief, Defendant Tessco Technologies, Inc. ("Tessco") is a Delaware corporation with its principal place of business located at Global Logistics Center, 11126 McCormick Road, Hunt Valley, MD 21031-1494.  Tessco may be served via its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

5.     On information and belief, Defendant ADT Security Services, Inc. ("ADT"), is a Delaware Corporation with its principal place of business located at One Town Center Road, Boca Raton, FL 33486.   ADT may be served via its registered agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

6.     On information and belief, Defendant Iveda Solutions ("Iveda"), is a Nevada Corporation with its principal place of business located at 1201 S. Alma School, Suite 4450, Mesa, AZ 85201.  Iveda may be served via its registered agent, Corporation Trust Company of Nevada, 311 S. Division Street, Carson City, NV 89703.

7.     On information and belief, Defendant Westec Intelligent Surveillance, Inc. ("Westec"), is a Delaware Corporation with its principal place of business located at 1089 Jordan Creek Pkwy, Ste. 116 West DesMoines, IA 50266.  Westec may be served via its registered

agent, Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.      On information and belief, each of the Defendants is subject to this Court's jurisdiction because each of the Defendants have, upon information and belief, transacted business in the District and in the State of Delaware.  Specifically, each Defendant either directly and/or through intermediaries, upon information and belief, ships, distributes, offers for sale, sells, (including via the provision of such services over the Internet) products and services in this District.  Additionally, Defendants Tessco, ADT, and Westec, are corporations organized and existing under the laws of the State of Delaware.  Each Defendant thus has, upon information and belief, minimum contacts with this District and State, has purposefully availed itself of the privileges of conducting business in this District and State, regularly conducts and solicits business within the State of Delaware, and has committed acts of patent infringement in this District and State.

10.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENTS

11.     On April 13, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,720,990 B1 (the "'990 patent"), entitled "Internet Surveillance System and Method" to Jay S. Walker, Daniel E. Tedesco, Dean P. Alderucci, and Magdalena Mik, who assigned their rights and interests in the '990 patent to Walker Digital.  A true and correct copy of the '990 patent is attached as Exhibit A.

12.     On September 22, 2009, the USPTO duly and legally issued U.S. Patent No. 7,593,033 B2 (the "'033 patent"), entitled "Internet Surveillance System and Method" in the names of Jay S. Walker, Daniel E. Tedesco, Dean P. Alderucci, and Magdalena M. Fincham, who assigned their rights and interests in the '033 patent to Walker Digital.  A true and correct copy of the '033 patent is attached as Exhibit B.

13.     On October 13, 2009, the USPTO duly and legally issued U.S. Patent No. 7,602,414 B2 (the "'414 patent"), entitled "Internet Surveillance System and Method" in the names of Jay S. Walker, Daniel E. Tedesco, Dean P. Alderucci, and Magdalena M. Fincham, who assigned their rights and interests in the '414 patent to Walker Digital.  A true and correct copy of the '414 patent is attached as Exhibit C.

14.     On October 20, 2009, the USPTO duly and legally issued U.S. Patent No. 7,605,840 B2 (the "'840 patent"), entitled "Internet Surveillance System and Method" in the names of Jay S. Walker, Daniel E. Tedesco, Dean P. Alderucci, and Magdalena M. Fincham, who assigned their rights and interests in the '840 patent to Walker Digital.  A true and correct copy of the '840 patent is attached as Exhibit D.

- 4 -

15.     On May 18, 2010, the USPTO duly and legally issued U.S. Patent No. 7,719,565 B2 (the "'565 patent"), entitled "Internet Surveillance System and Method" in the names of Jay S. Walker, Daniel E. Tedesco, Dean P. Alderucci, and Magdalena M. Fincham, who assigned their rights and interests in the '565 patent to Walker Digital.  A true and correct copy of the '565 patent is attached as Exhibit E.

16.     On October 19, 2010, the USPTO duly and legally issued U.S. Patent No. 7,817,182 B2 (the "'182 patent"), entitled "Internet Surveillance System and Method" in the names of Jay S. Walker, Daniel E. Tedesco, Dean P. Alderucci, and Magdalena M. Fincham, who assigned their rights and interests in the '182 patent to Walker Digital.  A true and correct copy of the '182 patent is attached as Exhibit F.

17.     Walker Digital is the owner of the entire right, title and interest in the '990, '033, '414, '840, '565, and '182  patents ("the Asserted Patents").

## FACTUAL BACKGROUND

18.     Walker Digital is a research and development laboratory consisting of a diverse group of innovators who study human behavior and utilize modern information technology to design novel solutions to business problems.  Walker Digital has invested millions of dollars developing ground-breaking solutions to problems encountered in a wide range of industries including retail, vending, credit cards, security, gaming, educational testing, and GPS directions. This investment was used for many things, including the development of facilities to assist with the research, development and testing of new inventions, which, in turn, generated additional new solutions to problems and additional inventions.  Many of these inventions and solutions have been the genesis for successful businesses, including priceline.com and Synapse, Inc.

19.     Jay Walker, the chairman of Walker Digital, is perhaps best known as the founder of priceline.com, which brought unprecedented technology and a new level of value to the travel industry.   The business processes that guide priceline.com's success were created in the invention lab of Walker Digital.   Mr. Walker is named on more than 450 issued and pending U.S. and international patents, including the methods and systems described and claimed in the Asserted Patents, which represent a huge leap forward in the field of Internet and remote surveillance.

## COUNT I
### (Infringement of the '990 Patent)

20.     Walker Digital incorporates and realleges the allegations of paragraphs 1-19 as if fully set forth herein.

21.     Upon information and belief, Defendant Arrow Security is infringing (literally and/or under the doctrine of equivalents) the '990 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Alarm Monitoring and Response Services, Remote CCTV Surveillance, and Video Surveillance Services, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 11, 12, 13, and 24, of the '990 patent.

22.     Upon information and belief, Defendant CPS is infringing (literally and/or under the doctrine of equivalents) the '990 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and

Internet monitoring and surveillance products and services, including, but not limited to, Video Management Systems, CPS Cam, Remote Monitoring, eCam Secure, and Mobile Surveillance Units, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 11, 12, 13, and 24, of the '990 patent.

23.     Upon information and belief, Defendant Tessco is infringing (literally and/or under the doctrine of equivalents) the '990 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Remote Monitoring and Communication Systems, Tessco Power and RF Propagation Base Stations, Security and Surveillance Products, IP Cameras, System Management software, and mobile video surveillance, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 11, 12, 13, and 24, of the '990 patent.

24.     Upon information and belief, Defendant ADT is infringing (literally and/or under the doctrine of equivalents) the '990 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video View, Safe Watch Quick Connect, Safe Watch Pro RF, Safe Watch Essentials Plus, Safe Watch Critical Conditions Package, ADT Premise Pro, and ADT Select Vision, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 11, 12, 13, and 24, of the '990 patent.

25.     Upon information and belief, Defendant Iveda is infringing (literally and/or under the doctrine of equivalents) the '990 patent in this District and throughout the United States by,

among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Real-Time Video Surveillance products, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 11, 12, 13, and 24, of the '990 patent.

26.     Upon information and belief, Defendant Westec is infringing (literally and/or under the doctrine of equivalents) the '990 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Interactive Monitoring Service, Rapid Response, Virtual Guard, Video Verification, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 11, 12, 13, and 24, of the '990 patent.

27.     Defendants committed these acts of infringement without license or authorization.

28.     As a result of Defendants' infringement of the '990 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

29.     Walker Digital has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '990 patent.

## COUNT II

## (Infringement of the '565 Patent)

30.    Walker Digital incorporates and realleges the allegations of paragraphs 1-29 as if fully set forth herein.

31.    Upon information and belief, Defendant Arrow Security is infringing (literally and/or under the doctrine of equivalents) the '565 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Alarm Monitoring and Response Services, Remote CCTV Surveillance, and Video Surveillance Services, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 8, and 9 of the '565 patent.

32.    Upon information and belief, Defendant CPS is infringing (literally and/or under the doctrine of equivalents) the '565 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video Management Systems, CPS Cam, Remote Monitoring, eCam Secure, and Mobile Surveillance Units, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 8, and 9 of the '565 patent.

33.    Upon information and belief, Defendant Tessco is infringing (literally and/or under the doctrine of equivalents) the '565 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote

and Internet monitoring and surveillance products and services, including, but not limited to, Remote Monitoring and Communication Systems, Tessco Power and RF Propagation Base Stations, Security and Surveillance Products, IP Cameras, System Management software, and mobile video surveillance, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 8, and 9 of the '565 patent.

34.   Upon information and belief, Defendant ADT is infringing (literally and/or under the doctrine of equivalents) the '565 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video View, Safe Watch Quick Connect, Safe Watch Pro RF, Safe Watch Essentials Plus, Safe Watch Critical Conditions Package, ADT Premise Pro, and ADT Select Vision, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 8, and 9 of the '565 patent.

35.   Upon information and belief, Defendant Iveda is infringing (literally and/or under the doctrine of equivalents) the '565 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Real-Time Video Surveillance products, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 8, and 9 of the '565 patent.

36.   Upon information and belief, Defendant Westec is infringing (literally and/or under the doctrine of equivalents) the '565 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote

and Internet monitoring and surveillance products and services, including, but not limited to, Interactive Monitoring Service, Rapid Response, Virtual Guard, Video Verification, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 8, and 9 of the '565 patent.

37.     Defendants committed these acts of infringement without license or authorization.

38.     As a result of Defendants' infringement of the '565 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

39.     Walker Digital has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '565 patent.

## COUNT III
### (Infringement of the '840 Patent)

40.     Walker Digital incorporates and realleges the allegations of paragraphs 1-39 as if fully set forth herein.

41.     Upon information and belief, Defendant Arrow Security is infringing (literally and/or under the doctrine of equivalents) the '840 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Alarm Monitoring and Response Services, Remote CCTV Surveillance, and Video

Surveillance Services, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 14, and 15, of the '840 patent.

42.    Upon information and belief, Defendant CPS is infringing (literally and/or under the doctrine of equivalents) the '840 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video Management Systems, CPS Cam, Remote Monitoring, eCam Secure, and Mobile Surveillance Units, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 14, and 15, of the '840 patent.

43.    Upon information and belief, Defendant Tessco is infringing (literally and/or under the doctrine of equivalents) the '840 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Remote Monitoring and Communication Systems, Tessco Power and RF Propagation Base Stations, Security and Surveillance Products, IP Cameras, System Management software, and mobile video surveillance, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 14, and 15, of the '840 patent.

44.    Upon information and belief, Defendant ADT is infringing (literally and/or under the doctrine of equivalents) the '840 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video View, Safe Watch Quick Connect, Safe Watch Pro RF, Safe Watch Essentials Plus, Safe Watch

Critical Conditions Package, ADT Premise Pro, and ADT Select Vision, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 14, and 15, of the '840 patent.

45.     Upon information and belief, Defendant Iveda is infringing (literally and/or under the doctrine of equivalents) the '840 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Real-Time Video Surveillance products, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 14, and 15, of the '840 patent.

46.     Upon information and belief, Defendant Westec is infringing (literally and/or under the doctrine of equivalents) the '840 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Interactive Monitoring Service, Rapid Response, Virtual Guard, Video Verification, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 14, and 15, of the '840 patent.

47.     Defendants committed these acts of infringement without license or authorization.

48.     As a result of Defendants' infringement of the '840 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

49.     Walker Digital has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '840 patent.

## COUNT IV
## (Infringement of the '182 Patent)

50.     Walker Digital incorporates and realleges the allegations of paragraphs 1-49 as if fully set forth herein.

51.     Upon information and belief, Defendant Arrow Security is infringing (literally and/or under the doctrine of equivalents) the '182 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Alarm Monitoring and Response Services, Remote CCTV Surveillance, and Video Surveillance Services, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 10, 12, and 13 of the '182 patent.

52.     Upon information and belief, Defendant CPS is infringing (literally and/or under the doctrine of equivalents) the '182 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video Management Systems, CPS Cam, Remote Monitoring, eCam Secure, and Mobile Surveillance

Units, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 10, 12, and 13 of the '182 patent.

53.     Upon information and belief, Defendant Tessco is infringing (literally and/or under the doctrine of equivalents) the '182 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Remote Monitoring and Communication Systems, Tessco Power and RF Propagation Base Stations, Security and Surveillance Products, IP Cameras, System Management software, and mobile video surveillance, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 10, 12, and 13 of the '182 patent.

54.     Upon information and belief, Defendant ADT is infringing (literally and/or under the doctrine of equivalents) the '182 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video View, Safe Watch Quick Connect, Safe Watch Pro RF, Safe Watch Essentials Plus, Safe Watch Critical Conditions Package, ADT Premise Pro, and ADT Select Vision, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 10, 12, and 13 of the '182 patent.

55.     Upon information and belief, Defendant Iveda is infringing (literally and/or under the doctrine of equivalents) the '182 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Real-

Time Video Surveillance products, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 10, 12, and 13 of the '182 patent.

56.     Upon information and belief, Defendant Westec is infringing (literally and/or under the doctrine of equivalents) the '182 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Interactive Monitoring Service, Rapid Response, Virtual Guard, Video Verification, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 10, 12, and 13 of the '182 patent.

57.     Defendants committed these acts of infringement without license or authorization.

58.     As a result of Defendants' infringement of the '182 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

59.     Walker Digital has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '182 patent.

## COUNT V

## (Infringement of the '414 Patent)

60.     Walker Digital incorporates and realleges the allegations of paragraphs 1-59 as if fully set forth herein.

61.     Upon information and belief, Defendant Arrow Security is infringing (literally and/or under the doctrine of equivalents) the '414 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Alarm Monitoring and Response Services, Remote CCTV Surveillance, and Video Surveillance Services, as well as similar products and services covered by one or more claims, including but not limited to at least claims 12, 34, and 37, of the '414 patent.

62.     Upon information and belief, Defendant CPS is infringing (literally and/or under the doctrine of equivalents) the '414 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video Management Systems, CPS Cam, Remote Monitoring, eCam Secure, and Mobile Surveillance Units, as well as similar products and services covered by one or more claims, including but not limited to at least claims 12, 34, and 37, of the '414 patent.

63.     Upon information and belief, Defendant Tessco is infringing (literally and/or under the doctrine of equivalents) the '414 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote

and Internet monitoring and surveillance products and services, including, but not limited to, Remote Monitoring and Communication Systems, Tessco Power and RF Propagation Base Stations, Security and Surveillance Products, IP Cameras, System Management software, and mobile video surveillance, as well as similar products and services covered by one or more claims, including but not limited to at least claims 12, 34, and 37, of the '414 patent.

64.     Upon information and belief, Defendant ADT is infringing (literally and/or under the doctrine of equivalents) the '414 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video View, Safe Watch Quick Connect, Safe Watch Pro RF, Safe Watch Essentials Plus, Safe Watch Critical Conditions Package, ADT Premise Pro, and ADT Select Vision, as well as similar products and services covered by one or more claims, including but not limited to at least claims 12, 34, and 37, of the '414 patent.

65.     Upon information and belief, Defendant Iveda is infringing (literally and/or under the doctrine of equivalents) the '414 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Real-Time Video Surveillance products, as well as similar products and services covered by one or more claims, including but not limited to at least claims 12, 34, and 37, of the '414 patent.

66.     Upon information and belief, Defendant Westec is infringing (literally and/or under the doctrine of equivalents) the '414 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote

and Internet monitoring and surveillance products and services, including, but not limited to, Interactive Monitoring Service, Rapid Response, Virtual Guard, Video Verification, as well as similar products and services covered by one or more claims, including but not limited to at least claims 12, 34, and 37, of the '414 patent.

67.     Defendants committed these acts of infringement without license or authorization.

68.     As a result of Defendants' infringement of the '414 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

69.     Walker Digital has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '414 patent.

## COUNT VI
### (Infringement of the '033 Patent)

70.     Walker Digital incorporates and realleges the allegations of paragraphs 1-69 as if fully set forth herein.

71.     Upon information and belief, Defendant Arrow Security is infringing (literally and/or under the doctrine of equivalents) the '033 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Alarm Monitoring and Response Services, Remote CCTV Surveillance, and Video

Surveillance Services, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 7, and 13 of the '033 patent.

72. Upon information and belief, Defendant CPS is infringing (literally and/or under the doctrine of equivalents) the '033 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video Management Systems, CPS Cam, Remote Monitoring, eCam Secure, and Mobile Surveillance Units, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 7, and 13 of the '033 patent.

73. Upon information and belief, Defendant Tessco is infringing (literally and/or under the doctrine of equivalents) the '033 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Remote Monitoring and Communication Systems, Tessco Power and RF Propagation Base Stations, Security and Surveillance Products, IP Cameras, System Management software, and mobile video surveillance, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 7, and 13 of the '033 patent.

74. Upon information and belief, Defendant ADT is infringing (literally and/or under the doctrine of equivalents) the '033 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Video View, Safe Watch Quick Connect, Safe Watch Pro RF, Safe Watch Essentials Plus, Safe Watch

Critical Conditions Package, ADT Premise Pro, and ADT Select Vision, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 7, and 13 of the '033 patent.

75.     Upon information and belief, Defendant Iveda is infringing (literally and/or under the doctrine of equivalents) the '033 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Real-Time Video Surveillance products, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 7, and 13 of the '033 patent.

76.     Upon information and belief, Defendant Westec is infringing (literally and/or under the doctrine of equivalents) the '033 patent in this District and throughout the United States by, among other things, making, using, importing, offering for sale and/or selling remote and Internet monitoring and surveillance products and services, including, but not limited to, Interactive Monitoring Service, Rapid Response, Virtual Guard, Video Verification, as well as similar products and services covered by one or more claims, including but not limited to at least claims 1, 7, and 13 of the '033 patent.

77.     Defendants committed these acts of infringement without license or authorization.

78.     As a result of Defendants' infringement of the '033 patent, Walker Digital has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

79.     Walker Digital has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '033 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully requests that this Court grant the following relief in favor of Walker Digital and against Defendants:

(a)     A judgment in favor of Walker Digital that each of the Defendants have directly infringed, (either literally or under the doctrine of equivalents) one or more claims of the '990 patent;

(b)     A judgment in favor of Walker Digital that each of the Defendants have directly infringed, (either literally or under the doctrine of equivalents) one or more claims of the '565 patent;

(c)     A judgment in favor of Walker Digital that each of the Defendants have directly infringed, (either literally or under the doctrine of equivalents) one or more claims of the '840 patent;

(d)     A judgment in favor of Walker Digital that each of the Defendants have directly infringed, (either literally or under the doctrine of equivalents) one or more claims of the '182 patent;

(e)     A judgment in favor of Walker Digital that each of the Defendants have directly infringed, (either literally or under the doctrine of equivalents) one or more claims of the '414 patent;

(f)     A judgment in favor of Walker Digital that each of the Defendants have directly infringed, (either literally or under the doctrine of equivalents) one or more claims of the '033 patent;

(g)     A permanent injunction enjoining each of the Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the Asserted Patents;

(h)     A judgment and order requiring Defendants to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the Asserted Patents;

(i)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

(j)     Any and all such other relief as the Court deems just and proper.

- 23 -

April 11, 2011                          BAYARD, P.A.

Of Counsel:                             /s/ *Richard D. Kirk*
                                        Richard D. Kirk (rk0922)
Matthew D. Orwig                        Stephen B. Brauerman (sb4952)
Mark C. Nelson                          222 Delaware Avenue, Suite 900
Basheer Y. Ghorayeb                     Wilmington, DE  19801
SNR DENTON                              (302) 655-5000
2000 McKinney Avenue, Suite 1900        rkirk@bayardlaw.com
Dallas, TX 75201-1858                   sbrarueman@bayardlaw.com
(214) 259-0900
matthew.orwig@snrdenton.com             *Attorneys for Plaintiff Walker Digital, LLC*
mark.nelson@snrdenton.com
basheer.ghorayeb@snrdenton.com